John R. Tenney, J.
Plaintiff entered into a contract with the defendant Hawk Sales Company, Inc. He had all his dealings with Stanley Buck, an employee of the corporate defendant at its Richfield Springs office. The verified complaint alleges certain misrepresentations made by Buck in the course of his employment at the branch office.
The answer, a general denial, is verified by William M. Norton, the secretary-treasurer of the defendant corporation whose office is located in Syracuse, New York. In the verification, Norton alleges .that the denials are true. This statement is patently incorrect .since all parties agree that Norton was never present at the times the alleged conversations took place, and his only knowledge is based upon hearsay.
*349 Defendant contends that the verification is sufficient, if made by an officer of a domestic corporation (CPLR 3020, subd. [d], par. 1). He contends that even though he is not personally familiar with the facts, he may verify the pleading. This reasoning is faulty on two counts, (1) the statute assumes that the verification will be made by “ a person familiar with the facts ” and (2) a general denial cannot be made upon hearsay information.
The fact that the parties are joined and are united in interest does not permit a corporate officer to generally deny facts not within his particular knowledge. This would be a derogation of the statute. The corporate party may not use the information which could only be known to the codefendant as the basis of its answer, and then verify the general denial as if the information were its own.
The purpose of the statute is to require an individual to answer under oath subject to the penalties of perjury, allegations made by the verified complaint (see 3 Weinstein-KornMiller, N. Y. Civ. Prac., pars. 3020.01-3020.04).
. Thus, the corporate officer may verify for the corporation providing he (1) has knowledge of the facts or (2) his answer is on information and belief. When, as in this case, there is an allegation of misrepresentation, a general denial should be verified by the party charged with making the particular statements.
Therefore, the motion to compel the plaintiff to accept the corporate answer as verified is denied.